UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURDEEP SINGH (A No. 246 613 722), | No.  1:26-cv-2055 DAD CKD P |
| Petitioner, | |
| v. | ORDER AND |
| CHRISTOPHER CHESTNUT, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that the petition be granted.

The courts notes that respondents move for dismissal of all respondents other than Christopher Chestnut, the Warden at petitioner's place of detainment, the California City ICE Detention Center.  ECF No. 7 at 1.  Petitioner does not object.  ECF No. 8 at 1.  Accordingly, that request will be granted.

/////

/////

_____

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

I.  Facts

Petitioner, a native and citizen of India, arrived in the United States on or about January 22, 2023, near San Luis, Arizona.  ECF No. 7 at 14.  Petitioner did not enter through a port of entry and was not authorized to enter.  ECF No. 7 at 14.  Ultimately, petitioner was detained and, shortly thereafter, released into the United States.  ECF No. 7 at 19.  Upon release, petitioner was ordered to appear for immigration proceedings in San Francisco on April 20, 2023.  ECF No. 7 at 14.

On April 7, 2025, petitioner was arrested by ICE officials after he appeared for criminal proceedings in Fresno.  ECF No. 7 at 18.  He has been detained ever since and is currently detained at the California City Ice Detention Center.   ECF No. 1 at 3.

It appears petitioner's most recent immigration proceedings were held August 25, 2025.  ECF No. 7 at 9.  Petitioner was found to be removable, but removal was withheld pursuant to 8 U.S.C. § 1231(b)(3) premised upon a finding that if he were removed to India his life or freedom would be threatened due to his race, religion, nationality, membership in a particular social group, or political opinion.  Id.   The deadline for filing an appeal was September 24, 2025.  ECF No. 7 at 12.  No appeal was filed.

Petitioner has been a defendant in three criminal matters.  In the first (Fresno County Case No. F23904185), concerning an incident occurring June 4, 2023, petitioner pled no contest to misdemeanor corporal injury on a spouse or cohabitant.  However, that conviction was vacated pursuant to California Penal Code § 1473.7(A)(1) ("The conviction or sentence is legally invalid due to prejudicial error damaging the [defendant's] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence.") ECF No. 1 at 28-32.  In the second (Kings County Case No. 24CM3657), petitioner pled no contest on January 24, 2025, to driving under the influence and was sentenced to probation with 10 days in jail.  ECF No. 1 at 54-58.   In the third (Fresno County Case No. F25901018), petitioner plead no contest to misdemeanor battery arising out of events occurring February 16, 2025.  Petitioner was ordered to serve three years probation and 364 days in jail with the sentence being suspended as to 356 days (petitioner was given 8 days of

2

sentence credit).  ECF No. 1 at 33-48.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Violation of Zadvydas

As indicated above, petitioner was ordered removed on August 25, 2025.  Petitioner's detention during the first 90-days after entry of that order of removal was mandatory under 8 U.S.C. § 1231(a); Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory," citing § 1231(a)(2)).  The Ninth Circuit has determined this statutorily mandated 90-day period of detention "passes constitutional scrutiny."  Khotesouvan v. Morones, 386 F.3d 1298, 1299 (9th Cir. 2004).

In Zadvydas, the Supreme Court held that once a noncitizen has been detained pursuant to 8 U.S.C. § 1231(a) for six months after entry of final order of removal and "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing."  Zadvydas, 533 U.S. at 690.

Petitioner's detention has passed 6 months, he will not be removed to his native India and while respondents claim ICE is seeking removal to a third country (ECF No. 7 at 4), respondents point to no evidence in support or any other evidence suggesting removal to a country other than

/////

3

India is reasonably foreseeable.  Petitioner's continued detention is unlawful.  Petitioner must be released.[2]

In accordance with the above, IT IS HEREBY ORDERED that all respondents other than Christopher Chestnut, Warden of the California City ICE Detention Facility be terminated.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Petitioner be released from Immigration and Customs Enforcement Service custody.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 04/13/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

sing2055.imm.frs

---

[2]  Petitioner raises other challenges to his detention in his petition.  Because the court recommends the petition for writ of habeas corpus be granted, and there does not appear to be good cause to rule on the other claims, those claims are not addressed.

[3] Petitioner does not seek any relief beyond release.  ECF No. 8 at 4.

4